UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| ROLAND TIBBE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-108 |
| | ) | |
| COMMISSIONER OF | ) | Honorable Phillip J. Green |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM OPINION AND ORDER**

This was a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security, denying plaintiff's claim for supplemental security income (SSI) benefits. On August 1, 2018, the Court entered a judgment vacating the Commissioner's decision and remanding the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (ECF No. 18).

The matter is now before the Court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 21). Defendant opposes the motion. (ECF No. 23). Plaintiff replied. (ECF No. 24). For the reasons set forth herein, plaintiff's motion will be granted and a judgment will be entered in plaintiff's favor in the amount of $3,500.00.

**Discussion**

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d at 725.

Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H). Plaintiff is a financially eligible person under the EAJA. S*ee* 28 U.S.C. § 2412(d)(2)(B).

1. **Substantial Justification**

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. (ECF No. 23). Defendant has the burden of demonstrating that the government's position was substantially justified. *See*

*Scarborough v. Principi*, 541 U.S. 401, 414 (2004). The government's position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant has not carried her burden.

Plaintiff is not entitled to EAJA attorney's fees simply because he obtained a decision from this Court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See DeLong*, 748 F.3d at 726; *Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012) ("The Commissioner's position may be substantially justified even if it is rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *Saal v. Commissioner*, No. 1:08-cv-347, 2010 WL 2757554, at * 2 (W.D. Mich. June 24, 2010) ("The ALJ's failure to meet the articulation requirements in a decision 'in no way necessitates a finding [that the Commissioner's] position was not substantially justified.' ") (quoting *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992)).

Plaintiff asked the Court to overturn the Commissioner's decision on the following grounds:

> 1. The ALJ committed reversible error by failing to find that [p]laintiff met Medical Listings 12.04, 12.06, and 12.09 despite his substance abuse.

> 2. The ALJ committed reversible error by concluding that [p]laintiff could perform work at all exertional levels even though he needed a cane to ambulate.
>
> 3. The ALJ committed reversible error because she made significant factual errors in her residual functional capacity assessment of the [p]laintiff.

(ECF No. 10, PageID.1595). The Court found that the first and third issues lacked merit. (ECF No. 19, PageID.1636-37, 1647).

This case turned on the second issue. The ALJ found that plaintiff retained the RFC for "a full range of work at all exertional levels," and "require[d] a one-handed device for ambulation." (Op., 7, ECF No. 7-2, PageID.42). Defense counsel had understandable difficulty answering the Court's question how someone could be expected to carry a hundred pounds while walking with a cane. (ECF No. 19, PageID.1640-41). The RFC adopted by the ALJ was "inherently inconsistent." (*Id.* at PageID.1637). The Court vacated the ALJ's decision and remanded the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) because the ALJ "failed to explain or reconcile the inherent inconsistencies between a full exertional level RFC and the requirement for use of a cane." (*Id.* at PageID.1651).

In determining whether defendant's position was substantially justified, the Court has considered that the ALJ's error was a "procedural error," and that the evidence "did not strongly establish" plaintiff's entitlement to benefits. *DeLong*, 748 F.3d at 726-27. On this record, however, the defendant's position was not substantially justified because it did not have a reasonable basis in law and fact. *Id.*

The Commissioner attempted to salvage an "unsalvageable decision." (ECF 19, PageID.1643).

Accordingly, plaintiff is entitled to an award of attorney's fees under the EAJA.

### 2. Hours Claimed

"Once a court makes a threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Commissioner*, 826 F.3d 878, 881(6th Cir. 2016). The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for twenty hours in attorney time. (ECF No. 21, PageID1690).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for DIB and SSI benefits is in the range of fifteen to thirty hours. *See Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at *2 (W.D. Mich. May 8, 2013); *see also Fredericks v. Commissioner*, No. 1:12-cv-1234, 2014 WL 4057794, at *2 (W.D. Mich. Aug. 14, 2014); *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation

hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe v. Commissioner*, 2013 WL 1914546, at * 2 (quoting *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL 1063476, at *4 (S.D. Ohio Mar. 14, 2013)). Having reviewed the record, the Court finds that twenty hours is a reasonable amount of time expended on the work performed in this case.

### 3. Hourly Rate

Plaintiff seeks to recover attorney's fees at a rate of $175 per hour. (ECF No. 21, PageID.1691, 1694). The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Recent decisions of this Court have found that a rate of $175 per hour for attorneys satisfies these statutory considerations. *See Smith ex rel. S.K.W. v. Commissioner*, No. 1:16-cv-1175, 2018 WL 5781226, at *2 (W.D. Mich. Oct. 15, 2018); *Kochaney v. Commissioner*, No. 1:17-cv-851, 2018 WL 4700568, at *2 (W.D. Mich. Oct. 1, 2018); *Lyman v. Commissioner*, No. 1:16-cv-124, 2017 WL 6806692, at *1 (W.D. Mich. Dec. 20, 2017). These cases support a $175.00 hourly rate under the EAJA. Multiplying the twenty hours reasonably expended by counsel by the $175 rate results in $3,500.00. The Court finds that plaintiff is entitled to recover this amount in fees under the EAJA.

**ORDER**

For the reasons set forth herein, plaintiff's motion for attorney's fees (ECF No. 21) is **GRANTED**. A judgment in plaintiff's favor against defendant in the amount of $3,500.00 will be entered.

IT IS SO ORDERED.


Dated: February 26, 2019	/s/ Phillip J. Green
	PHILLIP J. GREEN
	United States Magistrate Judge